UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES F. DAVIDSON, JR.,

Plaintiff,

v.

ANUJA MEHROTRA, *et al.*,

Defendants.

Civil Action No. 18-2062 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff James F. Davidson, Jr. seeks damages from several officials involved in the revocation of his supervised release. He alleges that Defendants Anuja Mehrotra, Tarsha Jones, and Charles Massarone all acted improperly in the execution of an unjustified warrant that caused him to be re-incarcerated. Defendants now move for judgment on the pleadings or, in the alternative, for summary judgment. Agreeing, this Court will grant the Motion for Summary Judgment.

**I.   Background**

Plaintiff never responded to Defendants' current Motion. So while a court would normally view the facts in the light most favorable to him on summary judgment, there is only one sworn set of facts here. On August 14, 2009, Davidson was sentenced in D.C. Superior Court to twelve months of incarceration and twelve months of supervised release for distribution of cocaine. See ECF No. 14 (Def. MSJ), Exh. 1 (Superior Court J&C). After his discharge from prison, a long chronicle of supervised-release violations ensued, which the Court will not spend time rehashing. Id., Exhs. 4–23. Suffice it to say, he was still under supervised release when, as a result of one such violation, he was arrested pursuant to a warrant on August 8, 2014. Id., Exh.

1

25 (Warrant) at 1.  On October 6, 2014, Plaintiff agreed to serve eight months in confinement followed by 42 months of supervised release (starting from August 8, 2014).  Id., Exh. 27 (Resp. Revocation Proposal) at 1.  After his release on June 22, 2015, however, his misconduct continued.  Id., Exh. 32 (Warrant) at 1.  The United States Parole Commission wrote an official letter warning Davidson about continued non-compliance on August 31, 2016.  Id., Exh. 30 (Letter of Reprimand).  Plaintiff did not heed this missive.  Id., Exh. 31 (Warrant Application) at 3.

Two years later, but still within his 42-month period of supervised release, he again violated his terms of parole.  Anuja Mehrotra, an employee of the Court Services and Offender Supervision Agency (CSOSA), submitted a report to USPC case analyst Tarsha Jones notifying her that Plaintiff had once again violated his supervised release.  Id.; see also MSJ at 17; ECF No. 12 (Answer), ¶ 5.  USPC Commissioner Charles Massarone then signed and issued a warrant for Davidson's arrest for using drugs, failing to submit to drug testing, and neglecting to report to his supervising officer.  Id., Exh. 32 (Warrant); see also MSJ at 17.  This warrant was executed on May 8, 2018.  Id., Exh. 33 (Revocation Assessment) at 3.  His supervised-release term was subsequently revoked, and he was ordered to serve twelve additional months of incarceration followed by eighteen months of supervised release.  Id., Exh. 35 (Revocation) at 1.

Plaintiff's suit challenges the legitimacy of this warrant.  See ECF No. 1 (Compl.).  He alleges that it was based on false claims and that the USPC lacked jurisdiction to execute the warrant.  Id. at 2–3.  While he does not mention a dollar amount, he seeks "a jury trial to sue for pain, emotional stress and suffering cause [sic] by the following people."  Id. at 3.  Defendants now move for judgment on the pleadings or for summary judgment.

## II. Legal Standard

As the Court decides the case on summary judgment — given that it considers material beyond the pleadings — it sets forth only that standard. Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that would change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## III. Analysis

The Court looks first at the two USPC employees and then at the CSOSA one.

### A. Jones and Massarone

Plaintiff does not specify whether his claims against the USPC employees — Jones and Massarone — are brought against them in their personal capacities or their official capacities. In either instance, they are immune from suit.

#### 1. *Individual Capacity*

Defendants first point out that they were improperly served in their individual capacities and that the suit should therefore only proceed in their official capacities. See Answer at 1 n.1.

3

While this may be true, Plaintiff is alternatively barred from proceeding against Jones and Massarone in their individual capacities (in what appears to be a Bivens action) because they are immune.

USPC commissioners are entitled to absolute quasi-judicial immunity given the parallels between their activities and judicial duties. See Jones v. Fulwood, 860 F. Supp. 2d 16, 22 (D.D.C. 2012); Nelson v. Williams, 750 F. Supp. 2d 46, 52–53 (D.D.C. 2010), aff'd, 2011 WL 2618078 (D.C. Cir. June 23, 2011) (parole commissioners protected by quasi-judicial immunity from damages claim in individual capacity). As a USPC commissioner, Massarone is thus immune from suit.

Several courts have also extended quasi-judicial immunity to other USPC employees. See Mowatt v. U.S. Parole Comm'n, 815 F. Supp. 2d 199, 206 (D.D.C. 2011) (dismissing claims against USPC case analyst who "assisted the Commission in issuing a parole violator warrant for Plaintiff's arrest" because these were "exactly the sorts of activities intertwined with the exercise of quasi-judicial power for which absolute immunity is afforded") (citations removed); Anderson v. Reilly, 691 F. Supp. 2d 89, 92 (D.D.C. 2010) (dismissing claims against USPC employees when they act in "a quasi-judicial" role and perform such quasi-judicial functions "in making a parole determination in [a] specific case"). Even if Jones is not protected by absolute judicial immunity, moreover, she would still be immune based on qualified immunity. Qualified immunity shields "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Ford v. Mitchell, 890 F. Supp. 2d 24, 32 (D.D.C. 2012) (quotation marks and citation omitted). The key inquiry here is whether the individual "acted reasonably in light of the situation [she] confronted." Id. Here, Jones did indeed act reasonably and is thus immune

4

from a suit for damages.

## 2. *Official Capacity*

A suit against a defendant in her official capacity is considered a suit against the agency or entity itself. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (stating that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and should "be treated as a suit against the entity") (citations and internal quotation marks omitted). Plaintiff's suit against Jones and Massarone in their official capacities is therefore essentially a suit against USPC, which is a federal agency. As a result of sovereign immunity, however, the federal government is subject to suit only upon consent, which must be clear, express, and unequivocal. See United States v. Mitchell, 445 U.S. 535, 538 (1980). If an entity is entitled to sovereign immunity, this strips a court of jurisdiction to hear claims against it. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."); Stoddard v. U.S. Parole Comm'n, 900 F. Supp. 2d 38, 41 (D.D.C. 2012).

Although Plaintiff does not identify a specific cause of action, this Court will, given his *pro se* status, assume he seeks to raise claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). "Under the FTCA, plaintiffs may sue the United States in federal court for state-law torts committed by government employees within the scope of their employment." Harbury v. Hayden, 522 F.3d 413, 416 (D.C. Cir. 2008). The FTCA thus acts as a waiver of sovereign immunity, subject to many enumerated limitations.

To the extent Davidson is seeking to recover for a constitutional tort, such as violation of due process, this claim cannot proceed because "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." FDIC, 510 U.S. at 477–78.

5

Assuming Plaintiff would also like to raise claims related to the allegedly wrongful warrant as a violation of federal regulations, these claims are also not actionable because the FTCA only authorizes suits "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). FTCA claims arising from violations of the CFR cannot proceed, therefore, because "a private person could not be sued under District of Columbia law for failing to adhere to a legal requirement imposed on a federal agency." Pate v. United States, 328 F. Supp. 2d 62, 76 (D.D.C. 2004). This proposition also blocks any negligence claim, since a private person could not issue a parole-violation warrant.

Finally, Plaintiff might seek to use the FTCA as an avenue for bringing intentional state-law tort claims, such as defamation, wrongful imprisonment, or intentional infliction of emotional distress. These claims, however, are still improper. While the FTCA acts as a waiver of sovereign immunity, it expressly exempts intentional torts such as "false imprisonment, false arrest, malicious prosecution, abuse of process, [or] libel." 28 U.S.C. § 2680(h); see also Millbrook v. United States, 569 U.S. 50, 52 (2013) (discussing FTCA intentional-tort exception).

Plaintiff is alternatively barred from proceeding under the FTCA based on his failure to exhaust. The Act requires that a plaintiff exhaust any administrative remedies before filing suit. See 28 U.S.C. § 2675; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); Reynolds El v. Husk, 273 F. Supp. 2d 11, 13 (D.D.C. 2002) ("A tort claim against the United States for money damages must be 'first presented . . . to the appropriate Federal agency.'") (quoting 28 U.S.C. § 2675(a)). While Plaintiff has appealed the USPC's decision, see MSJ, Exh. 37 (Appeal), that is not FTCA exhaustion. See 28 U.S.C. § 2675(b); Stoddard, 900 F.

Supp. 2d at 41–42. Plaintiff furthermore "bears the burden of proving exhaustion." Id. (citing GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987)). As has neither pleaded nor proven exhaustion, he cannot proceed. See Stoddard, 900 F. Supp. 2d at 41.

B. Mehrotra

As with the USPC personnel, it is unclear whether Plaintiff sues CSOSA employee Mehrotra in her official capacity or her individual capacity. This ultimately has no bearing, as neither type of suit can prevail.

1. *Individual Capacity*

A suit against Mehrotra in her individual capacity would be barred. Absolute immunity protects acts of adjudicatory discretion and officials who perform judicial functions. See Butz v. Economou, 438 U.S. 478, 514 (1978); Pierson v. Ray, 386 U.S. 547, 554 (1967). This Circuit has found that federal probation officers, when "preparing and submitting" reports, are immune from suit for this reason. See Turner v. Barry, 856 F.2d 1539, 1540–41 (D.C. Cir. 1988); accord. Dorman v. Higgins, 821 F.2d 133, 137 (2d Cir. 1987). Courts have likewise held that CSOSA employees who take "actions . . . at the direction of, or to assist, the parole commission" are also immune. See Ali v. D.C. Court Servs., 538 F. Supp. 2d 157, 162 (D.D.C. 2008). As Mehrotra made her report about Davidson in an attempt to assist the Parole Commission, she is immune.

2. *Official Capacity*

As mentioned, a claim against an individual in her official capacity is tantamount to a claim against the entity; accordingly, official-capacity claims against Mehrotra are effectively claims against CSOSA. Courts have considered CSOSA to be a federal agency, see Epps v. U.S. Atty. Gen., 575 F. Supp. 2d 232, 234 n.1 (D.D.C. 2008); as a result, they have held that claims against CSOSA are barred by sovereign immunity absent a specific waiver. Ali, 538 F. Supp. 2d

7

at 161. Here, no such waiver is apparent, and Plaintiff points to no specific renunciation of immunity. For the same reasons discussed above, this type of suit is thus also futile.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment. An Order accompanies this Memorandum Opinion.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: July 31, 2019